*580
 
 Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The case of
 
 Bracket
 
 v.
 
 Foscue,
 
 wherein this poin- occurred, was decided in conformity with the clear mil*' of law, that parol evidence shall not be received to contradict a deed ; and hovover reluctant the Court may he to apply a rule which produces injustice in the particular case, yet the community is benefited upon the whole, by an adherence to the law. In addition to the authorities cited in that case, may be added
 
 Rountree
 
 v.
 
 Jacob,
 
 2
 
 Taunt.
 
 141 where it was held, that in an action for o«-' ncy had and received, if the Defendant shews a deed of assignment of the money to himself, and a receipt lor the consideration money endorsed,' it is a good discharge, though there is strong evidence of suspicion that the consideration is falsely recited, and that the money never was paid. Though in a Court of Equity, the ven-dee, who pays no part of the purchase money, will be considered as a
 
 trustee;
 
 yet, in law, the receipt cannot be got over, unless it is merely fraudulent
 
 Henderson
 
 v.
 
 Wild,
 
 2
 
 Campb. 561.
 
 There must be a new trial.